**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**TIMOTHY NELSON EVANS**                                                                 **PETITIONER**

**VS.**                                                        **CIVIL ACTION NO.: 1:20cv226-CWR**

**LYNN FITCH, Attorney General of the State of**
**Mississippi and BURL CAIN, Commissioner,**
**Mississippi Department of Corrections**                              **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR EQUITABLE TOLLING**

The Petitioner in this case, Timothy Nelson Evans, has moved this Court to equitably toll the statute of limitations for filing his Petition for a Writ of Habeas Corpus in this matter. Evans asserts that the Petition is currently due by January 28, 2021, and he is seeking an order extending his filing date to April 28, 2021. As grounds for his request, Evans cites the current COVID-19 pandemic, which is hampering the ability of his counsel and his experts to investigate evidence to support his grounds for habeas relief. The Respondents oppose the Motion on grounds that this Court lacks jurisdiction to entertain such a pre-petition request. They also argue that, even if the Court has jurisdiction to equitably toll the filing date, Evans has not demonstrated that he has been diligently pursuing his rights.

The law on this issue is, not surprisingly, unsettled. The Respondents have cited *United States v. McFarland*, 125 F. App'x 573 (5th Cir. 2005), as authority for their argument that this Court lacks jurisdiction to toll the filing date. *McFarland* construed a federal prisoner's letter inquiring about a lost § 2255 petition as a motion to extend the limitations period and held that there was no case or controversy, and, therefore, no jurisdiction, to grant an extension prior to the filing of the petition.

Most courts faced with the question of whether under Article III they can consider pre-petition motions for extension of time to file § 2255 petitions have held that the federal courts lack subject matter jurisdiction. *United States v. Marin-Torres*, 430 F. Supp. 3d 736, 739 (D. Or. 2020) (citing *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam)); *United States v. Hernandez*, 431 F. App'x 813, 814 (11th Cir. 2011); *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007); *United States v. Moore*, 56 F. App'x 686, 687 (6th Cir. 2003)). *See also United States v. Jordan*, 915 F.2d 622, 628 (11th Cir.1990) ("proceedings under § 2255 are not proceedings in the original criminal prosecution; rather, the filing of a motion pursuant to § 2255 is akin to initiating an independent civil suit"); *United States v. Dunham Concrete Prods., Inc.*, 501 F.2d 80, 81 (5th Cir.1974) ("This Circuit has long taken the view that § 2255 proceedings are, like habeas matters, civil actions mainly standing on their own bottoms...."); *Rosecrans v. United States*, 378 F.2d 561, 565–66 (5th Cir.1967) (stating that "[a] motion under § 2255 ... is an independent civil proceeding, and it is not a part of the proceedings in the criminal case in which the sentence attacked was imposed."). *But see Swichkow v. United States*, 565 F. App'x 840, 843-44 (11th Cir. 2014). In *Swichkow*, although holding that the court lacked jurisdiction to consider a pre-petition motion for equitable tolling, the court ultimately remanded the case to the district court to make specific findings on whether the prisoner's multiple hospitalizations during the period before the statute of limitations expired entitled him to consideration on whether the statute of limitations should be tolled during those periods.

The Third Circuit, however, has held that district courts do have jurisdiction to hear this type of motion. *See United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013) ("[A]lthough certain aspects of a § 2255 proceeding may be considered civil, a § 2255 proceeding is a continuation of a defendant's federal criminal case.") That being the case, the court held that a

2

motion for an extension of time could be decided prior to a formal request for § 2255 relief, because the underlying criminal proceeding "satisfies Article III's case or controversy requirement." *Id*.  The court then applied the test for the doctrine of equitable tolling, but concluded that the defendant failed to show that he had diligently pursued his rights. *Id*. at 174–75.

In more recent filings, however, petitioners have argued that the COVID-19 pandemic is such an extraordinary situation that it, alone or combined with governmental regulations and lockdowns occasioned by it, constitutes an impediment that would excuse a tardy filing under § 2244(d)(1)(B) or § 2255(f)(2).  In a recent case from the Eastern District of California, the court granted prospective equitable tolling on the report and recommendation of the magistrate judge, to which the respondent did not object.  *Contreras v. Davis*, No. 1:19cv1523, 2020 WL 6261619 (E.D. Calif. Oct. 23, 2020).  Later, that court granted a motion for prospective equitable tolling, in light of the pandemic, over the respondent's objection.  *Cowan v. Davis*, No. 1:19cv745, 2020 WL 6544251, at *3-4 (E.D. Calif. Nov. 6, 2020).  An important distinction between *Cowan* and this case is that the petitioner had filed a protective petition and was seeking an extension of time to amend it.  Finding that (1) the petitioner had demonstrated reasonable diligence in asserting his claims (a fact not contested by the respondent); and (2) that the pandemic "is an ongoing extraordinary circumstance,"  the court noted that it would grant a motion for equitable tolling that accompanied a late-filed amended petition.  For that reason, the court found that prospective tolling was appropriate.  Another court in the Ninth Circuit also granted prospective equitable tolling in light of the pandemic.  *Mullner v. Williams*, No.: 2:20cv535, 2020 WL 6435751, at *2 (D. Nev. November 2, 2020).  Its reasoning follows:

> If travel restrictions were not in place, if counsel for Mullner and counsel
> for respondents did not need to work from home under less-than-optimal

conditions, then the court likely would hold that *Smith* implicitly eliminated prospective equitable tolling. If a court cannot use stop-clock equitable tolling for an untimely petition, then it necessarily follows that a court cannot use stop-clock prospective equitable tolling. But these problems have stretched now to more than seven months. Currently, the State of Nevada is experiencing a serious surge in COVID-19 cases and recently reached 100,000 total cases since the onset of the pandemic. Restrictions have varied and have been loosened and then re-tightened. The extraordinary circumstance of the COVID-19 pandemic is ongoing, and the court agrees that it prevents Mullner from filing a timely amended petition. This is because if the court were to deny prospective equitable tolling but give Mullner additional time to file an amended petition because of the challenges he faces, then the court can say with certainty that it would find equitable tolling to be warranted once he files the amended petition. Thus, the court will simply grant equitable tolling now. The amended petition is due by January 7, 2021.

*See also United States v. McCullar*, No. 4:19cr3017, 2020 WL 6741658, at *2 (D. Neb. Nov. 17, 2020) (same) (suggesting that pre-petition tolling might be available upon a showing of due diligence).

The cases adopting pre-petition tolling represent a minority view.  Most courts considering this issue reject the notion that the pandemic is such an extraordinary circumstance as to justify prospective equitable tolling.  Some courts have done so under the established precedent that they are without jurisdiction to toll the pre-petition deadline. *United States v. Smith*, Crim. No. ELH-18-17, 2020 WL 4016242, at *2 (D. Md. Jul. 16, 2020); *Valadez v. California*, No. CV 20-9081, 2020 WL 7265260 (C.D. Calif. Oct. 22, 2020); *Livingston v. Sec'ty, Fla. Dep't of Corrections*, No. 3:20cv357, 2020 WL 1812284 (M.D. Fla. Apr. 9, 2020); *Melancon v. Minnesota*, No. 20-2249, 2020 WL 7752394 (D. Minn. Dec. 11, 2020).  Other courts have recognized the extraordinary nature of the pandemic but concluded that the appropriate period for tolling the statute could not be determined until the petition was actually filed.  *Martinez v. Shinn*, No. CV-20-517, 2020 WL 7495441, at *2 (D. Ariz. Dec. 21, 2020); *Pickens v. Shoop*, No.

1:19cv558, 2020 WL 3128536, at *2-3 (S.D. Ohio June 12, 2020) (denying request for prospective tolling because applicability of the doctrine was claim specific).

Still other courts have considered pre-petition tolling, but found that the petitioner had failed to show that he had been reasonably diligent in pursuing his rights. *United States v. Thomas*, Crim. No. 18-135, 2020 WL 7229705, at *2-3 (E.D. La. Dec. 8, 2020) (equitable tolling based on COVID-19 pandemic was unavailable where prisoner did not demonstrate due diligence). *See also United States v. Haro*, No. 8:18cr66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020); *Humphreys v. Haynes*, No. C20-5426, 2020 WL 7365671, at *3-4 (W.D. Wash. Nov. 13, 2020).

Finally, some courts have held that the pandemic, while making it more difficult to complete and file a petition, did not *prevent* its filing, and was, therefore, not an impediment within the meaning of the statute. *United States v. Pizarro*, Crim. No. 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (holding that a COVID lockdown could not be considered as an impediment to filing for purposes of considering a late-filed § 2255 petition as timely). *Garcia v. U.S.,* No. 3:20cv3068, 2020 WL 6747389, at *2 (N.D. Tex. Oct. 13, 2020); *Sanchez-Torres v. Sec'ty, Fl. Dep't of Corrections*, No. 3:17cv939, 2020 WL 5666647 (M.D. Fla. May 19, 2020) (COVID did not warrant prospective equitable tolling of § 2254 petition); *United States v. Barnes*, No. 18-cr-154, 2020 WL 4550389 at *2 (N.D. Okla. Aug. 6, 2020); *Cook v. Nelsen*, No. 0:20-173, 2020 WL 6136619 (D. S.C. Sept. 30, 2020). This is particularly so where the statute expired prior to the pandemic. *Moreno v. United States*, No. 1:20cv3147, 2020 WL 7091088, at *2 (N.D. Ga. Sept. 18, 2020) (SOL expired before COVID restrictions put in place); *Thomas v. Burt*, No. 1:20cv349, 2020 WL 3001672, at *3 (W.D. Mich. May 7, 2020); *United States v. Ingram*, No. 14-20068-02, 2020 WL 6078151, at *2 (D. Kan. Oct. 15, 2020); *Harvey v. Shinn*,

No. CV-20-00476, 2020 WL 6074250, at *2 (D. Ariz. Oct. 15, 2020); *United States v. Cruz*, No. 15cr260(13), 2020 WL 5995260 (D. Minn. Oct. 9, 2020).

In the absence of any post-*McFarland* indication that the Fifth Circuit would reverse its course on this issue, this Court is constrained to hold that it has no jurisdiction to grant pre-petition tolling.  *See Terrell v. Director, TDCJ-CID*, No. 9:20cv14, 2020 WL 3637804, at *1 (E.D. Tex. Jul. 2, 2020) (extending *McFarland* to a § 2254 petition and holding it untimely). Evans has cited *Powers v. Mississippi*, No. 2017-DR-696-SCT, as supporting his argument; however, the fact that the Mississippi Supreme Court has extended filing deadlines in a capital case does not persuade this Court to change its ruling.  Evans also cites *Hutto v. Taylor*, No. 3:20cv98, pending in this Court, in which Chief Judge Jordan granted equitable tolling.  In *Hutto*, the first motion for equitable tolling was unopposed and granted.  Even so, the Court strongly suggested the alternative of filing a skeleton petition.  When the State opposed the second such motion, it was not granted, and a skeletal petition was filed.

Even if the Court were to consider tolling at this juncture, the evidence provided to support this motion does not demonstrate due diligence.  Evans has submitted affidavits from two of his experts.  While they are detailed in terms of the affiants' qualifications, which are considerable, and while they purport to instruct the Court on the seriousness of the pandemic, about which the Court is painfully aware (see Special Order #12, available on the Court's website), they contain much information about what *should* be done in this case, but little about what has actually been accomplished.

Evans has been sentenced to death.  The Fifth Circuit has rejected an untimely habeas petition in a death penalty case before; there is no question that an erroneous decision on this issue could have disastrous consequences.  *See Nelson v. Quarterman*, 215 F. App'x 396, (5th

Cir. 2007)[1].  In light of the seriousness of this case, this Court is inclined to "take the more cautious approach" and require Evans to file his petition before the statute of limitations has expired on his claim.  *Fitzgerald v. Shinn*, No. CV-19-5219, 2020 WL 3414700, at *2 (D. Ariz. Jun. 22, 2020.

For all of these reasons, Evans's Motion for Equitable Tolling will be denied.  Evans should file a petition by the due date, and the Court will later, on the proper showing, "freely give leave" to amend that petition, pursuant to Fed. R. Civ. P. 15(a)(2).

**IT IS, THEREFORE, ORDERED**, that the Petitioner's Motion for Equitable Tolling [9] is hereby **DENIED**.

**IT IS SO ORDERED,** this the 17th day of January, 2021.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] Nelson returned to state court on a subsequent post-conviction petition and was ultimately sentenced to life imprisonment.